**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BWD PROPERTIES 2, LLC; et al.,<br><br>        Plaintiffs-counter-defendants - Appellees,<br><br>  v.<br><br>BOBBY LEN FRANKLIN, DBA Daydream Land & Systems Development Company; et al.,<br><br>        Defendants-counter-claimants - Appellants,<br><br>  v.<br><br>SHIRLEY ECKLES, Special Administratrix of the Estate of Bobby Dean Franklin; et al.,<br><br>        Third-party-defendant - Appellees. | No. 08-17643<br><br>D.C. No. 2:06-cv-01499-BES-PAL<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Nevada

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

NW/Research

Brian E. Sandoval, District Judge, Presiding

Submitted November 17, 2009[**]

Before:     ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Bobby Len Franklin and Robert Lee Franklin appeal pro se from the district court's judgment dismissing their third-party complaint against the United States, granting summary judgment in favor of BWD Properties 2, 3, and 4 ("BWD"), and permanently enjoining the Franklins from clouding title to certain lands in Nevada. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly dismissed the third-party claims against the United States because the Franklins failed to exhaust the required administrative procedures and the district court therefore lacked subject matter jurisdiction. *See Doria Mining and Eng'g Corp. v. Morton*, 608 F.2d 1255, 1257 (9th Cir. 1979) ("When the regulations governing an administrative decision-making body require that a party exhaust its administrative remedies prior to seeking judicial review, the party must do so before the administrative decision may be considered final and the district court may properly assume jurisdiction."); *United States v. Alisal Water Corp.*, 431 F.3d 643, 650 (9th Cir. 2005) (stating de novo standard of review). We

---

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

previously rejected the Franklins' contentions regarding the Confirmation Statute, 43 U.S.C. § 1165, and *Stockley v. United States*, 260 U.S. 532 (1923), and they remain unavailing. *See Franklin v. United States*, 46 F.3d 1140 (9th Cir. Jan. 10, 1995) (unpublished mem.); *Franklin v. United States*, 46 F.3d 1141 (9th Cir. Jan. 10, 1995) (unpublished mem.).

The district court did not abuse its discretion by denying the Franklins' motion to reconsider. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (stating standard of review and grounds for relief). To the extent the Franklins sought to bring a claim under the Quiet Title Act, it was time-barred because they knew of the interest of the United States in 1993 or earlier, but commenced the action more than twelve years later. *See* 28 U.S.C. § 2409a(g) ("Any civil action under this section . . . shall be barred unless it is commenced within twelve years of the date upon which it accrued. Such action shall be deemed to have accrued on the date the plaintiff . . . knew or should have known of the claim of the United States.").

The district court properly granted summary judgment on the claims made by BWD because BWD offered undisputed evidence that they owned the properties over which they sought to quiet title, and the Franklins failed to raise a triable issue of their own cognizable interest in these properties. *See Breliant v.*

*Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) (per curiam) (stating burden of proof under Nevada law); *Alisal Water*, 431 F.3d at 651 (stating de novo standard of review for summary judgment).

The district court correctly determined that the various documents recorded by the Franklins were a cloud on the title of BWD's property and ordered the documents expunged, and did not abuse its discretion when it granted a permanent injunction against the Franklins. *See N. Cheyenne Tribe v. Norton*, 503 F.3d 836, 843 (9th Cir. 2007) (stating standard of review and listing factors to be considered for injunctive relief).

The Franklins' remaining contentions, including those regarding the denial of their motion to present supposedly new evidence, their proposed joint pre-trial order, and the substitution of Shirley Eckles, are unpersuasive.

**AFFIRMED.**